## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**MARIA CORTEZ,**
**Claimant Below, Petitioner**

**FILED**

January 25, 2018

**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 17-0674** (BOR Appeal No. 2051905)
(Claim No. 2014032667)

**MACY'S RETAIL HOLDINGS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Maria Cortez, by William B. Gerwig III, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Macy's Retail Holdings, Inc., by Jeffrey M. Carder, its attorney, filed a timely response.

The issue on appeal deals with the amount of permanent partial disability in the claim. The compensable components of the claim are thoracic, cervical, and left shoulder sprain/strain. On October 9, 2015, the claims administrator issued an Order granting Ms. Cortez a 0% award for her injuries. The Workers' Compensation Office of Judges reversed the decision of the claims administrator by Final Decision dated March 29, 2017, and awarded Ms. Cortez 1% permanent partial disability. This appeal arises from the Board of Review's Order dated July 26, 2017, in which the Board affirmed the Final Decision of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Maria Cortez was working on March 10, 2014, when she lost her balance and fell into a bin. She complained of pain in her neck, upper back, and left shoulder. Ms. Cortez was treated conservatively for soft tissue injuries by Valley Health Occupational Health in Martinsburg, West Virginia.  She also attended physical therapy with King Physical Therapy. By Order dated

August 7, 2014, the claim was held compensable for thoracic sprain/strain, cervical sprain/strain, and left shoulder sprain.

Ms. Cortez underwent an MRI of the cervical spine at Progressive Radiology on September 3, 2014, which revealed multilevel degenerative disc disease with no acute process. She underwent an MRI of her left shoulder on September 3, 2014, which showed moderate degenerative changes of the AC joint with no tearing of the labrum or rotator cuff.

On February 26, 2015, Ms. Cortez attended an independent medical evaluation with Robert Smith, M.D., an orthopedic surgeon. Dr. Smith diagnosed Ms. Cortez as having soft tissue sprains/strains and contusions, which required no further treatment. Dr. Smith noted that Ms. Cortez has pre-existing degenerative disease of her cervical spine that is not related, either by direct causation or aggravation, to the March 10, 2014, injury. Dr. Smith concluded that Ms. Cortez had reached her maximum degree of medical improvement and sustained no disability related to her compensable injuries.

Ms. Cortez requested a second opinion. She was referred to Bill Hennessey, M.D., who conducted an independent medical evaluation on August 21, 2015. Dr. Hennessey noted that at the time of evaluation, Ms. Cortez was working full time, regular duty, with no physical restrictions. Dr. Hennessey reported that the complete lack of pain relief over a year-and-a-half has not been explained by any physician of record. He stated that Ms. Cortez has resumed her usual activities of daily living from a vocational and an avocational standpoint. Dr. Hennessey concluded that Ms. Cortez reached her maximum degree of medical improvement from the injury in this claim and had no permanent impairment. By Order dated October 9, 2015, the claims administrator awarded Ms. Cortez 0% in permanent partial disability benefits. Ms. Cortez protested the claims administrator's decision.

In support of her protest, Ms. Cortez submitted an independent medical evaluation by Bruce Guberman, M.D., who evaluated Ms. Cortez on May 5, 2016. Dr. Guberman examined Ms. Cortez and opined that she had reached maximum medical improvement from her compensable injuries. Dr. Guberman asserted that although imaging had shown pre-existing degenerative changes in the cervical spine and left shoulder, there was no history or evidence of any pre-existing injuries, pain, limitations of motion, impairment or disability in regards to the left shoulder, cervical spine or lumbar spine before the compensable injury. Dr. Guberman utilized the American Medical Association's, *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), as well as West Virginia Code of State Rules § 85-20 (2006) in rating Ms. Cortez. Regarding the cervical spine, Dr. Guberman rated Ms. Cortez at 4% whole person impairment under Table 75, and 2% whole person impairment for range of motion abnormalities, for a combined total of 6% whole person impairment for the cervical spine, which falls within the allowable range of Rule 20. Dr. Guberman rated the cervical spine as 5% whole person impairment from Table 75, and 4% whole person impairment for range of motion abnormalities, for a combined total of 9% whole person impairment for the lumbar spine, which he reduced to 8% to fall within the allowable range from Rule 20. Regarding the left shoulder, Dr. Guberman rated Ms. Cortez at 5% upper extremity impairment for range of motion abnormalities, which he converted to a 3% whole person impairment for the left shoulder. Combining the ratings for the

cervical spine, lumbar spine and left shoulder, Dr. Guberman found Ms. Cortez to have a total of 17% whole person impairment. Dr. Guberman apportioned all impairment to the injury on March 10, 2014.

Dr. Hennessey re-evaluated Ms. Cortez on September 15, 2016. Dr. Hennessey noted that her subjective complaints now included neck pain, left shoulder pain, left thoracic pain, as well as pain of the lumbar spine. Dr. Hennessey believed that her complaints were not supported by objective findings. He stated that her allegation of a multi-body part invisible medical condition associated with an 8 out of 10 pain in the presence of normal clinical examination findings and normal imaging findings is medically unfounded and not supported anatomically or physiologically. Dr. Hennessey assigned a 0% whole person impairment rating for the injuries suffered on March 10, 2014.

Ms. Cortez was evaluated by ChuanFang Jin, M.D., on December 19, 2016.  In her independent medical evaluation report, Dr. Jin noted the prior left shoulder MRI which showed degenerative changes of the AC joint, and the cervical MRI which showed multilevel degenerative disc disease with no cord contact at the C4-C5 level. Dr. Jin diagnosed Ms. Cortez with cervical sprain/strain, thoracic sprain/strain with no clinical evidence of a thoracic spine injury, and left shoulder sprain superimposed on pre-existing degenerative arthrosis of the left shoulder. After concluding that Ms. Cortez had reached her maximum medical improvement for her compensable injury, Dr. Jin concluded that her clinical course and presentation are consistent with the natural history of degenerative disease. Dr. Jin stated that the current complaints are not causally related to the injury of this claim. Using the American Medical Association's, *Guides* (4th ed. 1993), as well as Rule 20, Dr. Jin found no impairment of the cervical spine under Table 75. She found 3% whole person impairment for range of motion restriction, but it was attributed to pre-existing degenerative disease. Dr. Jin found 0% impairment under Table 75 for the thoracic spine injury. She also found 0% impairment for the cervical spine. Dr. Jin found 1% whole person impairment for range of motion restriction, however it was apportioned to be 0% impairment. Regarding the left shoulder, Dr. Jin found Ms. Cortez to have a 1% whole person impairment for restriction in range of motion, which she attribute to the compensable injury.

On February 14, 2017, Prasadarao Mukkamala, M.D., performed a records review and reported that he concluded that Ms. Cortez has 0% whole person impairment resulting from the injuries sustained on March 10, 2014. Dr. Mukkamala stated that Ms. Cortez belongs in Cervical Category I and Thoracic Category I which shows 0% impairment. With regard to the left shoulder, Dr. Mukkamala concurred with Dr. Hennessey that there was 0% impairment.

On March 29, 2017, the Office of Judges reversed the claims administrator's Order dated October 9, 2015, and granted Ms. Cortez a 1% permanent partial disability award. The Office of Judges noted that the compensable components of the claim are thoracic, cervical, and left shoulder sprain. Because Dr. Guberman was the sole evaluator to consider the lumbar region, which was not established to be a component of the claim, the Office of Judges found his report to be unreliable. The Office of Judges found Dr. Jin's report to be the sole credible medical report of record.  Accordingly, Ms. Cortez was awarded 1% whole person impairment for the

March 10, 2014, injury. The Board of Review affirmed the decision of the Office of Judges on July 26, 2017.

After review, we agree with the findings and conclusions of the Board of Review and Office of Judges. The Office of Judges was correct to disregard the report of Dr. Guberman because he assigned impairment for the lumbar spine, when the lumbar spine is not a compensable component in the claim. Also, it appears that Dr. Guberman failed to apportion for pre-existing degenerative conditions of the cervical spine, as documented by a prior MRI. Dr. Jin found 1% whole person impairment for the left shoulder attributable to the compensable injury. Therefore, the Board of Review was correct in affirming the decision of the Office of Judges.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 25, 2018**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4